UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-120-RLV
(5:05-cr-235-RLV-DCK-6)

| JOSEPH EDWARD BROWN, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Petitioner seeks alternative relief under 28 U.S.C. § 2241 and under the writs of error coram nobis and audita querela. Petitioner is represented by Ross H. Richardson of the Federal Defenders of Western North Carolina.

I. BACKGROUND

On August 23, 2005, the Grand Jury for the Western District of North Carolina charged Petitioner, along with twelve codefendants, with conspiracy to possess with intent to distribute five or more kilograms of cocaine and fifty or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (Criminal Case No. 5:05-cr-235, Doc. No. 3: Sealed Indictment). Petitioner was also charged individually with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). Following Petitioner's indictment, the Government filed a notice, pursuant to 21 U.S.C. § 851, of its intent to seek an enhanced sentence under the Controlled Substances Act based on three, prior drug offense convictions.

1

(Id., Doc. No. 22: Information Pursuant to 21 U.S.C. § 851). Specifically, Petitioner was convicted in 1995 of two counts of possession with intent to sell and deliver cocaine, and one count of sale and delivery of cocaine, all in the North Carolina Superior Court for Caldwell County.

On December 30, 2005, Petitioner pled guilty in this Court, without a plea agreement, to both the drug conspiracy and substantive drug offense counts. (Id., Doc. No. 159: Acceptance and Entry of Guilty Plea). Because of the prior state court convictions, Petitioner was subject to a statutory, mandatory minimum life sentence on Count One and a statutory maximum sentence on Count Two of not more than thirty years. If the enhancements had not applied based on Petitioner's prior convictions, Petitioner would have faced a statutory mandatory minimum on Count One of ten years and a term of imprisonment on Count Two of not more than twenty years. See 21 U.S.C. §§ 841(b)(1)(A)(viii) and (b)(1)(C).

Before sentencing, the Government filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e), recommending a sentence of 240 months based on Petitioner's substantial assistance. (Id., Doc. No. 233: Motion for Downward Departure). At sentencing, this Court granted the motion and departed downward even further, sentencing Petitioner to 210 months in prison on each count, to run concurrently. (Id., Doc. No. 252: Judgment). This Court entered its judgment on July 11, 2006. Petitioner appealed, and in an order dated September 20, 2006, the Fourth Circuit granted Petitioner's motion to voluntarily dismiss his appeal. (Id., Doc. No. 318: Order).

On August 17, 2012, Petitioner filed the instant motion to vacate, contending that he is entitled to relief from his enhanced sentence under the Controlled Substances Act in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On

December 3, 2013, this Court issued an order directing the Government to respond to Petitioner's motion. On February 6, 2014, the Government filed its response.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Ordinarily, a Section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Defendant's Section 2255 motion was filed more than one year after the judgment against him became final, and it is therefore untimely. The Government has, however, waived the one-year limitations period so the Court can address the motion to vacate on the merits.

Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an

3

offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, under Simmons, for purposes of a qualifying predicate conviction under Section 841(b)(1), a prior conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. Moreover, the Fourth Circuit Court of Appeals recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. 2013).

As Respondent notes, this Court enhanced Petitioner's sentence based on prior state court convictions for which Petitioner could not have received more than one year in prison under the North Carolina Structured Sentencing Act. Respondent states that it concedes that, although Jones and Harp were still good law when this Court sentenced Petitioner, Petitioner no longer has a qualifying predicate felony under Simmons. Respondent further notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the Due Process Clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. The Government states that, in light of Simmons, none of the prior drug convictions that this Court relied on to enhance Petitioner's sentence qualify as felony convictions because Petitioner could not have been sentenced to more than one year. See (Doc. Nos. 1-1; 1-2). Respondent states that, although the Court departed downward based on the Government's motion, the departure was from a mandatory minimum life sentence, resulting in a violation of the Due Process Clause as established in Hicks. Respondent states that Petitioner should, therefore, be resentenced without a mandatory life

4

sentence as applied by this Court at sentencing before granting the Government's motion to depart downward.

This Court finds that because Respondent has expressly waived the one-year limitations period and has requested that this Court re-sentence Petitioner, this Court will grant the motion to vacate, and Petitioner shall be re-sentenced without enhancements based on his prior drug convictions.

### IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**;

(2) Petitioner shall be re-sentenced in accordance with this Order.

Signed: March 10, 2014

Richard L. Voorhees
United States District Judge